Skeed, J.,
delivered the opinion of the court.
The court charged the jury in this case that “if they found for the defendant they will find the value of the animal, with interest thereon and damages since replevied until the present time; or if the proof shows the mare has died, then only to the date of her *173 death.” This was error. The plaintiff in replevin who takes possession of the property pending the litigation, takes the possession with a view to litigating the title. If during such possession and before the trial, by the act of God, or without the fault of the plaintiff, the property be lost or destroyed,- the plaintiff is not to be held liable for its value, while he may be held liable for the value of its services during the period of its detention and up to the time when it ceased to be serviceable. The principle is, that if a bond or obligation possible of performance at the time of execution becomes impossible by the act of God, or of the law, or of the obligee himself, the obligation will be saved: Com. Dig. Condition D. 1 Co. Litt.; Moore v. Crockett, 10 Hum., 365; Mosely v. Baker, 2 Sneed, 367; Green v. Smith, 4 Col. 440; Bryan v. Spurgin, 5 Sneed, 685. It is shown in this case that the mare in controversy died in the possession of the plaintiff without fault on his part, and it is shown that she was well cared for, and that the disease of which she died was not the result of inattention or carelessness on the part of the plaintiff, but might have attacked any brood-mare anywhere and under any circumstances. If it be true then that the plaintiff was without fault, he is certainly not liable to pay the estimated value of the animal. The charge was therefore erroneous, and for this error alone the judgment is reversed and a new trial awarded.